IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>CRAIG HERBERT, et al.,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-416<br><br>Judge Clark Waddoups |

      Before the court is Plaintiff CitiMortgage's motion to remand the case to state court and for an award of the costs and attorney fees incurred in pursuing remand. (Dkt. No. 2). For the following reasons, the court grants CitiMortgage's motion.

## BACKGROUND

      This case arises out of CitiMortgage's unlawful detainer action against Defendant Craig Herbert and unnamed others. CitiMortgage filed its complaint in Utah State Court on April 26, 2016 and Mr., Herbert, proceeding pro se,[1] removed the case to the United States District Court for the District of Utah shortly thereafter. (Dkt. Nos. 1). Mr. Herbert's basis for removal is that this action implicates this court's federal question jurisdiction. According to Mr. Herbert, CitiMortgage's eviction proceedings violate Mr. Herbert's rights under the federal Fair Debt Collection Practices Act (FDCPA) and constitute tax fraud. (Dkt. No. 1, p. 3–4).

      In turn, CitiMortgage filed a motion to remand, contending that federal subject matter jurisdiction is lacking. (Dkt. No. 2). CitiMortgage also seeks costs and attorney fees incurred in

---

[1] Because Mr. Herbert proceeds pro se, the court liberally construes his filings. But the court will not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

seeking remand. (*Id.*). The court begins by considering its subject matter jurisdiction before turning to the attorney fees issue.

## ANALYSIS

### A. *Mr. Herbert's removal notice fails to establish federal jurisdiction.*

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064 (2013) (internal quotation marks omitted). But Congress has authorized federal courts to resolve issues arising under federal law, i.e. those implicating a federal question. *See id.* (quoting 28 U.S.C. § 1331) ("Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'").

When seeking to remove a case to federal court on the basis of a federal question,[2] "[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted). In other words, the plaintiff is the "master of the claim" and "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* A defendant cannot evade the plaintiff's choice of forum by attempting to insert issues of federal law into a claim that finds its origins in state statute alone. *See id.* ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense."); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (recognizing that "the mere presence of a

---

[2] Mr. Herbert does not assert diversity of citizenship as a basis for jurisdiction, and, in any event, has failed to plead plausibly that the amount in controversy would be satisfied in this case. (*See* Dkt. No. 1); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 551 (2014) (holding that the requisite amount in controversy must be plausibly alleged, either by the plaintiff or by a defendant seeking removal). The court limits its inquiry to whether this case presents a federal question accordingly. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

federal issue in a state cause of action does not automatically confer federal-question jurisdiction"); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (recognizing that "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law"). Accordingly, in assessing whether Mr. Herbert's removal was proper, the court must limit its inquiry to whether CitiMortgage's complaint presents a federal question. The court concludes it does not.

A case can present a federal question, implicating this court's subject matter jurisdiction, in two ways. First, and "[m]ost directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn*, 133 S. Ct. at 1064. Second, where a claim finds its origins in state rather than federal law, the Supreme Court has identified a "special and small category of cases in which arising under jurisdiction still lies." *Id.* (internal quotation marks omitted). To invoke this so-called "substantial question" branch of federal question jurisdiction, the party seeking to establish jurisdiction must show that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 1065. Here, CitiMortgage's complaint cannot be reasonably interpreted to invoke either basis for federal question jurisdiction.

Indeed, CitiMortgage seeks to evict Defendants from foreclosed property under Utah's unlawful detainer statute. (Dkt. No. 1-1, p. 3). Nothing in CitiMortgage's complaint implicates federal law directly. Nor is there any indication that a state unlawful detainer action—as is presented by CitiMortgage's complaint—raises a substantial question of federal law. Likewise, Mr. Herbert's allegations related to the FDCPA or tax fraud, which appear to be raised as counterclaims or defenses to the eviction proceedings, do not transform the case into one arising under federal law. *See Topeka Hous. Auth.*, 404 F.3d at 1247 ("[A] case may not be removed to

federal court solely because of a defense or counterclaim arising under federal law."); *see, e.g.*, *LSF6 Mercury Reo Investments Trust Series 2008-1 v. Ellertson*, No. 2:10-CV-00640-CW-DN, 2010 WL 5536349, at *3 (D. Utah Dec. 14, 2010), *report and recommendation adopted*, No. 2:10-CV-640 CW, 2011 WL 43243 (D. Utah Jan. 5, 2011) (rejecting argument that there was federal question jurisdiction where, in state court unlawful detainer action, defendant raised counterclaims and defenses related to plaintiff's alleged violation of the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the FDCPA). For this reason, the court lacks federal question jurisdiction and removal on this basis was improper. The court remands the matter to state court accordingly.

### B. *CitiMortgage is entitled to costs and attorney fees.*

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Considering the facts presented here, it is apparent that Mr. Herbert lacked an objectively reasonable basis to seek removal.

As explained, Supreme Court and Tenth Circuit precedent clearly provide that the court's federal question jurisdiction is not implicated when a defendant seeks to inject a federal counterclaim or defense into a case that otherwise implicates state law exclusively. Therefore, Mr. Herbert's attempt to invoke federal question jurisdiction by relying on alleged FDCPA violations or tax fraud was objectively unreasonable. Mr. Herbert's status as a pro se litigant

does not excuse him from the requirement that he refrain from seeking removal on grounds plainly foreclosed by existing precedent, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks and brackets omitted)), nor does his pro se status prevent the court from imposing costs and fees under § 1447(c), *see Topeka Hous. Auth.*, 404 F.3d at 1248. CitiMortgage is therefore entitled to its costs and fees incurred pursuing remand.

## CONCLUSION

CitiMortgage's motion to remand and for attorney fees (Dkt. No. 2) is **GRANTED**. The court remands this case to the state court and directs CitiMortgage to submit briefing as to the amount of costs and fees it incurred seeking remand.

**SO ORDERED** this 23rd day of May, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Court